UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

        Petitioner,

    v.

SERGIO ALBARRAN, et al.,

        Respondents.

Case No. 25-cv-08774-VC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

For the same reasons stated in the order granting the preliminary injunction, the petition for writ of habeas corpus is granted. *See* Dkt. No. 24. Since the preliminary injunction issued, the Ninth Circuit has confirmed that noncitizens "present without admission who are apprehended in the interior of the United States," like the petitioner, "are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).[1]

If the government seeks to re-detain the petitioner, it must provide at least seven days' notice to the petitioner and must hold a pre-deprivation hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which the petitioner's eligibility for bond must be considered.

This order does not address the circumstances in which the government may re-detain the petitioner in the event that he becomes subject to an executable final order of removal.

---

[1] The Ninth Circuit's opinion in *Rodriguez Vazquez* is clear; no further briefing addressing that opinion would change the fact that the respondents detained the petitioner in violation of his due process rights. *See* Dkt. No. 31, at 9.

**IT IS SO ORDERED.**

Dated: August 6, 2026

_____

VINCE CHHABRIA
United States District Judge